BATTURS *vs.* SELLERS & PATTERSON.

1824.
JUNE.

Batturs
vs
Sellers &c.

A bill of parcels being considered evidence of a contract, and a sufficient memorandum in writing to take the case out of the statute of frauds, paro. evidence cannot be received substantially to change it. Whether or not parol evidence can b receiv d to establish fraud, and thereby, under particular circumstanc s, *avoid* a contract made in writing? *Quere.*

APPEAL from *Baltimore* county court. This cause was before this court at June term 1820, the judgment of the county court was reversed, and the case sent back with a *procedendo.* See 5 *Harr. & Johns.* 117. It came again before the court, at the instance of the plaintiff below, upon a different question; and the facts in the case are fully stated in the opinion given by this court.

The cause was argued before BUCHANAN, Ch. J. EARLE, MARTIN, and STEPHEN, J.

*Williams* and *Meredith,* for the Appellant, stated, that the court below erred in admitting parol or verbal testimony to add to, and thereby vary, a memorandum, in writing, of a bargain for the sale of goods, not delivered at the time of the sale. That the memorandum stated the sale of merchandize to consist of a *bale of superfine broad cloths,* and the defendants below were permitted to offer evidence that the sale was of a *bale of superfine London broad cloths, of the west of England manufacture.* They contended, that parol evidence could not be admitted to contradict, add to, or vary the terms of a written instrument. They referred to *Rob. on Frauds,* 10, 11. 1 *Phillip's Evid.* 423, 436, 437, *(note.)* *Sugd.* 97. *Powell vs. Edmunds,* 12 *East,* 6. *Gardiner vs. Gray,* 4 *Campb.* 144. *Parkhurst vs. Van Cortlandt,* 1 *Johns. Cham. Rep.* 273, 281. *Meres vs. Ansel,* 3 *Wils.* 275. *Preston vs. Merceau,* 2 *W. Blk. Rep.* 1249. *Wain vs. Warlters,* 5 *East,* 10. *Pentericke vs. Powlet,* 2 *Atk.* 383. *Rich vs. Jackson,* 4 *Bro. Chan. Ca.* 514. *Brodie vs. St. Paul,* 1 *Ves. jr.* 333. *Woollam vs. Hearn,* 7 *Ves.* 217. *Higginson vs. Clowes,* 15 *Ves.* 516. *Davis vs. Symonds,* 1 *Cox's Cases,* 402. *Weighman vs. Caldwell,* 4 *Wheat.* 89, *(and notes.)* *Grant vs. Naylor,* 4 *Cranch,* 224; and *Dinsdad vs. Coleman, Bunb.* 65.

*R. Johnson* and *Glenn* contended, that *Appleton* and *Poor* committed a fraud on the defendants in the sale of the cloths, and that parol evidence was admissible to prove that fact. They referred to *Lewis vs. Cosgrave,* 2 *Taunt.* 2. *Wilson vs. Hart,* 7 *Taunt.* 295. *Boring's Lessee vs. Lemmon,* 5 *Harr. & Johns.* 223. *Sides vs. Hilleary,*

*(ante* 86.) That by the statute of frauds the great out-lines of the contract must be in writing; but the statute did not mean that parol evidence should not be received to fill up its details. They referred to *Johnson vs. Ronald's* adm'r. 4 *Munf. Rep.* 77. 1 *Phillip's Evid.* 410. *Saunderson vs. Jackson,* 2 *Bos. & Pull.* 239. *Cuff vs. Penn,* 1 *Maule & Selw.* 21; and *Keating vs. Price,* 1 *Johns. Cas.* 22.

MARTIN, J. delivered the opinion of the court. This action was founded on a contract alleged to have been made by *Appleton* and *Poor,* as the agents of *Richard Batturs,* the appellant, with *Abraham Sellers* and *John Patterson,* the appellees. At the trial, the plaintiff read to the jury, as evidence of the contract, a bill of parcels, in the following words: "*Baltimore,* Nov. 14th, 1814. Messrs. *Abr'm. Sellers* and *John Patterson,* bought of *Appleton* and *Poor,* one bale superfine broad cloths, viz.

No. 87, 89, 90, 95, 96, 97, 98.

|  | 8 ps. | Bl'k. | 153⅓ |
| 83, 84, 91, 92, | 4 | Blue | 78¾ |
| 85, 86, 93, 94, | 4 | Green | 70½ |

302½ yds. 17. $5142 50

Note 75 days, to be dated on the delivery of the goods." And proved, that the said bill of parcels, and also a pattern card containing the samples of the cloths sold, which had been cut off from the same, and were a part of the original quantity contained in the bale, were delivered to the appellees, and kept by them; that the said cloths were sold by the pattern card, and that the bale of cloths did, in all respects, correspond with the bill of parcels and card of samples. The plaintiff further proved, that *Appleton* and *Poor* tendered to the appellees the bale of cloths, as stated in the bill of parcels, and that they refused to receive the same. The defendants then offered parol evidence to prove, that *Poor,* when he proposed to sell the bale of cloths to them, represented them to be superfine *London* cloths, and *that he guaranteed* them to be such, and that he stated if they were not *London* cloths the appellees should not be obliged to accept them, and it should be no contract; that the bale of cloths were not *London* cloths, but only tolerable *Yorkshire* cloths, and that *London* cloths are of much

more value than *Yorkshire* cloths. They also offered to prove they did not agree to purchase by the pattern card, but purchased *solely* on the representation and *guarantee* that they were *London* cloths. To which parol evidence the plaintiff objected, but the court overruled the objection, and permitted it to go to the jury.

Whether the bill of parcels is written evidence of the contract, is not a question before us. By the decision of this court, on the former appeal between these parties, it was determined, that under the circumstances disclosed by the evidence in the case, *Appleton* and *Poor* were the agents of both parties; that the bill of parcels was evidence of the contract, and a sufficient memorandum, in writing, to take the case out of the statute of frauds.

Could parol evidence then be received to substantially change the contract thus reduced to writing?

This question is too well established to require exposition or authorities. It is not *now* open for discussion. That such evidence is not admissible, has been sanctioned by almost every tribunal both in *England* and this country, and if there is any legal principle that is considered at rest, and which ought not to be again disturbed, it is that now presented to us.

Judge *Thompson*, at the last term of the Supreme Court of the United States, in the case of *Renner vs. The Bank of Columbia*, 9 *Wheat.* 581, observes, "It is said the effect of this testimony is to alter and vary, by parol evidence, the written contract of the parties. If this is the light in which it is to be considered, there can be no doubt it ought to be laid entirely out of view, for there is no rule of law better settled, or more salutary in its application to contracts, than that which precludes the admission of parol evidence to contradict, or substantially vary, the legal import of a written agreement."

Whether parol evidence can be received to establish fraud, and thereby, under particular circumstances, *avoid* a contract made in writing, is a question upon which we give no opinion, because we think it is not presented by this record. The parol evidence offered, was clearly intended to show a contract different from that in the bill of parcels; that the appellant, by tendering cloths, *such* as were described in the bill of parcels, was not entitled to recover, but he ought to have tendered *London* broad cloths,

1824.

Lamborn
vs
Watson.

because, by his contract, he had guaranteed the cloths sold to be of that description; and this addition to, or variation of, the written contract, was. to be proved by the parol evidence offered. Without torturing the language of the bill of exceptions, no other construction can be given to it.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.